# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Maurice Crowder,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>S. Hansen, Special Investigations Agent;<br>Dan Cansino, Unit Manager; Steiber,<br>Special Investigational Lieutenant; B.R.<br>Jett, Warden; and Solomanson, Unit<br>Secretary,<br><br>　　　　　　Defendants. | Case No. 15-cv-3216 (MJD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　　Plaintiff Maurice Crowder, a federal prisoner, commenced this action by filing a complaint in the United States District Court for the District of Arizona, seeking relief for alleged violations of his constitutional rights by prison officials. The case was later transferred to the District of Minnesota pursuant to 28 U.S.C. § 1406. (Order at 2, Aug. 5, 2015 [Doc. No. 11].) This matter is presently before the Court on Plaintiff's self-styled "Objection to 60 Days Extension and Default Judgment," which was docketed as a motion for default judgment [Doc. No. 29]; and Defendants' Motion to Dismiss and/or for Summary Judgment [Doc. No. 43]. For the reasons set forth below, the Court recommends that the motion for default judgment be denied and the motion to dismiss or for summary judgment be granted.

## I.      Allegations in the First Amended Complaint

The operative complaint is the First Amended Complaint ("FAC") [Doc. No. 10], as supplemented by Plaintiff's Motion for Leave to Supplement Complaint ("Supplement" or "Suppl.") [Doc. No. 10-1].[1]  Crowder alleges the following facts and claims in the FAC and Supplement.

In Count 1, Crowder brings an excessive force claim under the Eighth Amendment against Hansen.  (FAC at 5.)[2]  Crowder alleges that Hansen physically assaulted him by throwing him into a closed door and striking him with the door while Crowder was restrained in handcuffs.  (*Id.*)  Crowder alleges there are no incident reports evidencing any justification for that degree of force.  (*Id.*)  According to the FAC, Hansen is taller and weighs more than Crowder.  (*Id.*)  Crowder further alleges that Hansen told two other officers to leave the segregation unit so that he could give Crowder "special treatment." (*Id.*)  Crowder contends that BOP policy requires two guards to be present with an inmate at all times in the segregation unit.  (*Id.*)  As a result of Hansen's alleged actions, Crowder experienced shoulder pain, back spasms, and neck pains.  (*Id.* & Exs. 1, 2).

---

[1] In an Order dated December 22, 2015, the Court granted Crowder leave to amend his complaint and instructed the Clerk of Court to file the Motion for Leave to Supplement as an attachment to the FAC.  (Order at 2 [Doc. No. 27].)  The Court advised the parties that it would consider the allegations made in the Supplement as integrated into the FAC and further instructed Defendants to respond to the allegations in the attachment as they would to the allegations in the FAC itself.

[2] When citing to the FAC, the Court uses the page numbers assigned by CM/ECF.

In Count 2, Crowder brings a retaliation claim against Hansen, Cansino, Steiber, Jett, and Solomanson, based on the First, Fifth, and Sixth Amendments.  (FAC at 6-10.) Crowder alleges the retaliation began in September 2013 when "BOP staff" began to oppress his right to freedom of speech, and intensified when Crowder told BOP officials about other inmates who were receiving inadequate medical care.  (FAC at 6-10.) Crowder further alleges that "BOP staff" (specifically, "Hansen and his co-workers, subordinates[,] and friends") transferred him to another facility out of his region; waited months to submit transfer requests; placed him in a special housing unit (SHU) for an extended period of time without justification; replaced a management variable; deprived him of at least one phone call a month; denied him visits with his family for months without cause; prevented him from receiving mail for weeks at a time; denied him access to the courts, legal materials, and use of the law library; and lost his personal property such as legal paperwork, clothing, and a fan.  (FAC at 6-10.)  Crowder further alleges that, due to his transfer, he contracted Coccidioidomycosis, also known as Valley fever. (FAC at 6-10.)  Each page of Count 2 contains verbatim allegations against each Defendant, and Crowder does not identify any conduct that was attributable to any particular Defendant.  Count 3 is a conspiracy-to-retaliate claim brought against all Defendants except Solomanson.  (FAC at 11-20.)  As with Count 2, each page of Count III contains verbatim allegations against each Defendant, and Crowder does not identify any conduct that was attributable to any particular Defendant.

All claims alleged in the FAC are brought against Defendants in their official capacity and pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his request for relief, Crowder asks for a declaratory judgment finding that Defendants were engaged in a conspiracy, an award of compensatory damages, and a transfer "to a BOP facility within his correct region." (FAC at 21.)

In the Supplement, Crowder claims that Defendants negligently and recklessly exposed him to Valley fever by transferring him to the Federal Correctional Institution ("FCI") in Safford, Arizona. (Suppl. at 1-2.) According to the Supplement, Valley fever is a serious disease contracted by inhaling an airborne fungus, which is prevalent in the southwestern United States. (Suppl. at 2.) Crowder allegedly inhaled the Coccidioides immitis fungus during outdoor activities and work assignments at FCI Safford because prison officials did not issue protective gear or impose restrictions on outdoor activities. (Suppl. at 6.) Defendants allegedly knew that Crowder would be transferred to an area rife with Valley fever. (*Id.*)

## II.     Crowder's Motion for Default Judgment

On December 28, 2015, Crowder filed an "Objection to 60 Days Extension and Default Judgment," which was docketed as a motion for default judgment. (Obj. & Default J. [Doc. No. 29].) The Court does not—indeed, the Court cannot—address the filing insofar as Crowder has filed an objection to this Court's Order of December 18,

4

2015.  To the extent the filing can be construed as a motion for default judgment, the Court recommends that the motion be denied.

Crowder seeks an entry of default judgment based on Defendants' alleged failure to respond timely to the FAC.  (Obj. & Mot. Default J. at 3.)  The FAC was filed in the District of Arizona on June 15, 2015, and the case was transferred to the District of Minnesota on August 5, 2015.  (*See* Docket Text Entry #10, June 15, 2015; Docket Text Entry #12, Aug. 5, 2015.)  When the case was transferred, Crowder's application to proceed in forma pauperis—which would allow for service of process by the United States Marshal—was still pending.  The Court granted the application on September 2, 2015.  (Order at 3 [Doc. No. 15].)  Crowder had not submitted properly completed Marshal Service Forms for each Defendant, so the Court gave him thirty days to do so.  (*Id.* at 4.)  Crowder mailed the completed forms to the Clerk of Court on September 21, 2015, and the forms were received by the Clerk of Court on September 28, 2015.  (Crowder Letter, Sept. 21, 2015 [Doc. No. 18]; Docket Text Entry #18, Sept. 28, 2015.)  The summonses for Hansen, Cansino, Steiber, and Solomanson were returned as executed on November 4, 2015, and indicated they were served with the summons and FAC on October 28, 2015.[3]  (Summonses Returned Executed Oct. 28, 2015 [Doc. No.

---

[3]  Jett was served with the summons and complaint on February 24, 2016.  (Summons Returned Executed Feb. 24, 2016 [Doc. No. 42].)

30].)  Under Federal Rule of Civil Procedure 12(a)(2), Hansen, Cansino, Steiber, and

Solomanson had sixty days to file a response to the FAC, or, until December 28, 2015.

On December 15, 2015, before the sixty-day period expired, Defendants filed a

motion to extend the time in which to answer or otherwise respond to the FAC [Doc. No.

22].  The Court granted the motion on December 18, 2015, and extended the time to

February 29, 2016, for Hansen, Cansino, Steiber, and Solomanson to respond.  (Order at

1 [Doc. No. 26].)  Hansen, Cansino, Steiber, and Solomanson timely filed their motion to

dismiss or for summary judgment on that date.

An entry of default may be warranted "[w]hen a party against whom a judgment

for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P.

55(a); *see Tollefson v. Pladson*, 508 F. App'x 593, 595 (8th Cir. 2013).  A court must

first direct an entry of default before default judgment may be entered.  *Tollefson*, 508 F.

App'x at 595.

Pursuant to Rule 12(a)(2) and the Court's Order of December 18, 2015, the

deadline for Hansen, Cansino, Steiber, and Solomanson to respond to Crowder's

Complaint was February 29, 2016.  Those Defendants timely filed a motion to dismiss or

for summary judgment on that date, in lieu of a responsive pleading, as permitted by Rule

12(b).  The deadline for Jett to respond under Rule 12(a)(2), based on the service date of

February 24, 2016, was April 25, 2016, long after the motion to dismiss or for summary

judgment was filed.  In light of the procedural history of this case, Rule 12(a)(2), and the

6

Court's order, there is no basis on which to find that any Defendant has failed to plead or otherwise defend in this action.  Consequently, neither an entry of default nor default judgment is warranted, and Crowder's motion for default judgment should be denied.

## III.    Defendants' Motion to Dismiss or for Summary Judgment

Defendants move to dismiss Crowder's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or, alternatively, for summary judgment under Rule 56(a).

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction.  A party contesting subject matter jurisdiction may mount either a facial challenge or a factual challenge to a court's jurisdiction.  *See Osborn v. United States*, 918 F.2d 724, 729-30 & n.6 (8th Cir. 1990). On a facial attack, the court limits its consideration to the allegations of the complaint. *Id.* at 729 & n.6.  On a factual attack, the court may consider matters outside the pleadings without converting the motion to one for summary judgment.  *Id.*  "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."  *Id.* at 730.  In determining whether the plaintiff has sustained that burden, a court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, "the Court may not supply

additional facts or fashion a legal theory that assumes facts that have not been pleaded."
*Benjamin v. Experian Info. Sols., Inc.*, No. 14-cv-810 (JRT/JJG), 2014 WL 3509044, at
*2 (D. Minn. July 15, 2014) (citing *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir.
2004)).

A court may dismiss a claim under Rule 12(b)(6) when a plaintiff fails "to state a
claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule
12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court
accepts all alleged facts as true and affords the plaintiff all reasonable inferences arising
from the allegations.  *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012).
Generally, a court may not consider matters outside the pleadings in assessing the
sufficiency of a complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th
Cir. 1999) (citations omitted).  A court may make an exception to this rule, however, for
matters of public record, exhibits attached to the complaint, and other materials
"necessarily embraced by the pleadings."  *Id.* (citations omitted).

Defendants and Crowder submit and rely on materials outside the pleadings, most
of which do not fall within the *Porous Media* exception.  When matters outside the
pleadings are submitted to and considered by the Court, the Court may convert a Rule
12(b)(6) motion to dismiss into a motion for summary judgment.

Result of Presenting Matters Outside the Pleadings.  If, on a motion
under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented
to and not excluded by the court, the motion must be treated as one for
summary judgment under Rule 56.  All parties must be given a
reasonable opportunity to present all the material that is pertinent to the
motion.

Fed. R. Civ. P. 12(d).

Here, the Court will convert the aspects of Defendants' motion that were brought

under Rule 12(b)(6) to a motion for summary judgment under Rule 56.  Defendants

captioned their motion "Motion to Dismiss and/or for Summary Judgment," cited the

Rule 56 standard in their memorandum, and submitted materials outside the pleadings.

Thus, Defendants put Crowder on notice of the nature of the motion.  That alone might

not have been sufficient, but Crowder described his own response to the motion as a

"[M]otion for Summary Judgment" and asked that summary judgment be entered in his

favor.  (Pl.'s Mem. Opp'n at 1, 20 [Doc. No. 51].)  Crowder also submitted materials

outside the pleadings.

Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A dispute over a fact is "material" only if its resolution might

affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a fact is "genuine" only if the

evidence is such that a reasonable jury could return a verdict for the non-moving party.

*Id.*  In considering a motion for summary judgment, the court views the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).

The party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing there is a genuine issue for trial.  *Anderson*, 477 U.S. at 256.  "Like any other civil litigant," a pro se plaintiff must respond to a defendant's motion for summary judgment "with specific factual support for his claims" sufficient to sustain a jury verdict in his favor.  *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001); *see Anderson*, 477 U.S. at 249-52.

**B.      Additional Background**

When Defendants filed their motion, Crowder was incarcerated at FCI Safford.  (Bush Decl. ¶ 3 [Doc. No. 46].)  He was transferred to another facility on or about June 27, 2016, but he has not yet provided the Court with his new address.[4]  (Crowder Letter [Doc. No. 57].)  Crowder is serving a 240-month sentence and has a projected release date of July 11, 2023, with good conduct time.  (Bush Decl. ¶ 3 & Ex. A.)  Defendants are Steve Hansen, a former Special Investigative Agent at the Federal Medical Center

---

[4] According to the BOP inmate locator website, Crowder is currently incarcerated at the FCI in Talladega, Alabama.

("FMC) in Rochester, Minnesota; Daniel Cansino, Unit Manager at FMC Rochester;

Steven Steiber, a former Lieutenant at FMC Rochester; Stuart Solomanson,[5] Case

Manager at FMC Rochester; and B.R. Jett, a retired Warden of FMC Rochester.  (FAC at

3-4; Defs.' Mem. Supp. at 2 [Doc. No. 45].)

### C.    Sovereign Immunity and *Bivens* Claims

Defendants challenge the Court's subject matter jurisdiction over Crowder's

*Bivens* claims[6] on sovereign immunity grounds.  Crowder is suing Hansen, Cansino,

Steiber, Jett, and Solomanson only in their official capacities.  Unless a complaint

contains "a clear statement that officials are being sued in their personal capacities," the

court interprets the complaint as bringing only official-capacity claims.  *Murphy v.*

*Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).  The FAC contains no clear statement, or

even an indication, that Crowder is suing any of the Defendants in a personal capacity.

A claim brought against a federal employee in his official capacity is a claim

against the United States.  *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).  "It is

well settled that a *Bivens* action cannot be prosecuted against the United States and its

agencies because of sovereign immunity."  *Id.*  Thus, Crowder's *Bivens* claims are barred

---

[5] Defendants also refer to Solomanson as "Solomonson" and "Solmonson."  (*E.g.*, Defs.'
Mem. Supp. at 1, 2 [Doc. No. 45].)

[6] Crowder's *Bivens* claims are the Eighth Amendment claim against Hansen; the
retaliation claim against Hansen, Cansino, Steiber, Jett, and Solomanson; and the
conspiracy-to-retaliate claim brought against all Defendants except Solomanson.

by the doctrine of sovereign immunity, and summary judgment should be granted to Defendants on these claims.

### D.    Exhaustion of Administrative Remedies for *Bivens* Claims

As an alternative to dismissal of the *Bivens* claims on sovereign immunity grounds, Defendants contend that Crowder has not exhausted his administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, was enacted "to address the large number of prisoner complaints filed in federal court." *Jones v. Bock*, 549 U.S. 199, 202 (2007).  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). "[F]ederal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion under the PLRA is not a question of subject matter jurisdiction. *Lenz v. Wade*, 490 F.3d 991, 992 (8th Cir. 2007).  Rather, it "is an affirmative defense that defendants have the burden to plead and prove." *Nixon v. Sanders*, 243 F. App'x 197, 199 (8th Cir. 2007).

Proper exhaustion requires a prisoner to comply with the established grievance procedure and rules. *Jones*, 549 U.S. at 218.  A prisoner must follow "an agency's

deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  Though a prisoner will not be held to the exhaustion requirement when prison officials have prevented him from utilizing an administrative grievance procedure, a prisoner cannot choose to disregard an available procedure.  *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).  Exhaustion is required even when the prisoner is asking for money damages or other relief typically not available through the grievance procedure.  *Porter*, 534 U.S. at 524.

Crowder concedes he did not follow the BOP's administrative grievance procedure for his *Bivens* claims.  (Pl.'s Mem. Opp'n at 1-4.)  He explains that he made a "sensitive filing" containing an administrative remedy request pursuant to 28 C.F.R. § 542.14(d)(1).  This regulation permits a prisoner to send such a request directly to the BOP's Regional Director if he "reasonably believes the issue is sensitive and [his] safety or well-being would be placed in danger if the [r]equest became known at the institution."  28 C.F.R. § 542.14(d)(1).

> If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden.

*Id.*

As proof of his sensitive administrative remedy request, Crowder provides a letter dated May 7, 2014, from the BOP North Central Regional Office.  (Pl.'s Mem. Opp'n Ex. 1).  In that letter, BOP Correctional Services Administrator Gordon S. Harpe assured Crowder that his allegation made in a letter received on May 1, 2014, "that staff threw you into a door while restrained and hit you with a door while restrained" would be "taken seriously" and forwarded "to the appropriate Bureau authority for review."  (Pl.'s Mem. Opp'n Ex. 1).  There is no mention of an allegation of retaliation or conspiracy to retaliate, nor is there any indication that the sensitive administrative remedy request pertained to any Defendant other than Hansen.  Rather, Harpe's description of the incident corresponds with the excessive force claim against Hansen.  Based on Harpe's letter, the Court concludes the sensitive administrative remedy request pertained only to Crowder's excessive force claim against Hansen.

As of May 2, 2016, almost two years after Harpe received the request, Crowder still has not received notice of the disposition of his sensitive administrate remedy request or any other communication about the excessive force claim as a follow-up to Harpe's letter.  (Pl.'s Mem. Opp'n at 3.)  The declaration and exhibits provided by Defendants do not prove otherwise.  (*See* Bush Decl. ¶¶ 15-38 & Exs. B-I.)  None of the exhibits refer specifically to the excessive force claim against Hansen; they pertain to other grievances by Crowder or reference general complaints about prison staff.

Defendants attempt to show that the BOP acted on the sensitive request by relying on a statement made by Crowder in his opposition memorandum.  (Defs.' Reply Mem. at 6 [Doc. No. 55].)  Crowder asserted that the Office of Internal Affairs decided in "April" not to investigate the incident for which Crowder was placed in segregation.  (Pl.'s Mem. Opp'n at 11.)  Defendants' argument is unavailing on two fronts.  First, Crowder's assertion is not evidence, much less evidence that the BOP acted on his sensitive request.  Second, the statement does not pertain to the sensitive request. Crowder sent his sensitive administrative remedy request to the North Central Regional Office, not the Office of Internal Affairs.  Moreover, the timing of any BOP decision not to investigate in "April" does not correspond with other dates relevant to the excessive force claim.  An April decision not to investigate would have predated Harpe's May 7 letter, in which he said that Crowder's allegations would be forwarded for review.  Also, it is highly unlikely that a decision not to investigate would have been made less than five days after the date of the alleged attack on April 25, 2014. Finally, according to Crowder, he was in the process of being placed or was already placed in the segregation unit when he was allegedly assaulted by Hansen.  Thus, the incident for which Crowder was placed in segregation could not have been the altercation with Hansen, because Crowder was already in segregation.

In addition, none of Defendants' evidence reflects whether the BOP ever decided, much less notified Crowder in writing, whether his request would be accepted as a

sensitive matter or not.  Other than Harpe's letter, there was no further response or follow-up to the sensitive administrative remedy request, and the BOP never put Crowder on notice that he should submit an administrative remedy request locally to the warden, pursuant to § 542.14(d)(1).  The BOP's failure to act on Crowder's sensitive administrative remedy request means that an administrative remedy was not "available" to Crowder on the excessive force claim.  *See Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  The Court therefore concludes that Defendants have not met their burden to prove that Crowder failed to exhaust his administrative remedies with respect to the excessive force claim.

Returning to Crowder's other *Bivens* claims, the Court finds that Crowder has not exhausted his administrative remedies for the retaliation and conspiracy claims.  Crowder concedes he did not follow the BOP's administrative grievance procedure for these claims, and the claims were not the subject of his sensitive administrative remedy request.  The declaration and exhibits submitted by Defendants confirm that Crowder did not exhaust his administrative remedies with respect to these claims.  (*See* Bush Decl. ¶¶ 15-38 & Exs. B-I.)  Consequently, the Court finds that Crowder has not exhausted his administrative remedies with respect to his retaliation and conspiracy claims.  In the alternative to dismissal with prejudice as recommended above, these claims could be dismissed without prejudice for failure to exhaust administrative remedies.  Crowder's

excessive force claim against Hansen, however, should not be dismissed for failure to exhaust.

### E. Sovereign Immunity and Negligence Claim

The Federal Tort Claims Act ("FTCA") "provides a limited waiver of the United States' sovereign immunity." *Daniels v. United States*, 135 F. App'x 900, 901 (8th Cir. 2005). The FTCA provides that "an action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment." *Anthony v. Runyon*, 76 F.3d 210, 212-13 (8th Cir. 1996) (citing 28 U.S.C. § 2679(d)(1)). When a tort claim is brought against a federal employee, the claim is deemed to have been brought against the United States. *See* 28 U.S.C. § 2679(d)(1).

Hansen, Cansino, Steiber, Jett, and Solomanson were federal employees acting within the scope of their employment at the time of the alleged conduct. (*See* Voss Decl. [Doc. No. 37]; Wilhelm Decl. [Doc. No. 41].) Thus, Crowder's negligence claim is deemed as having been brought against the United States.

Under the FTCA,

[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  In addition, a claimant cannot commence a civil action unless he has first presented the claim to the appropriate agency and until the agency has issued a final decision on the claim.  28 U.S.C. § 2675(a).

The time limits in § 2401(b) are not jurisdictional; they "are just time limits, nothing more." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015) (holding that the FTCA time limits, as non-jurisdictional, can be tolled on equitable grounds). "Because the FTCA's statute of limitations is not jurisdictional, failure to comply with it is merely an affirmative defense which the defendant has the burden of establishing." *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991).  The administrative presentment requirement in § 2675(a), however, is jurisdictional.  *Rosario v. Brennan*, No. 3:15-cv-1440 (JBA), 2016 WL 3525340, at *5 (D. Conn. June 22, 2016); *Bhatnagar v. United States*, No. 14-cv-00327 (MEJ), 2015 WL 4760386, at *5 (N.D. Cal. Aug. 12, 2015).

It is undisputed that Crowder has not presented an administrative tort claim to the BOP.  (Bush Decl. ¶ 40 & Ex. J.)  Thus, he has not satisfied the jurisdictional presentation requirement in § 2675(a), and the Court lacks subject matter jurisdiction over his negligence claim.  As such, Crowder's claim should be dismissed without prejudice pursuant to Rule 12(b)(1).  Dismissal of an FTCA claim "for lack of jurisdiction is properly without prejudice." *Hayes v. Fed. Bureau of Prisons*, No. 12-cv-0577 (PJS/FLN), 2014 WL 1017954, at *3 (D. Minn. Mar. 17, 2014); *see Faison v.*

*LeBlanc*, 250 F. App'x 195, 196 (8th Cir. 2007) (affirming dismissal without prejudice of FTCA claim because prisoner did not exhaust his administrative remedies before filing suit).[7]  Because the Court recommends dismissal on jurisdictional grounds, it does not reach the merits of this claim.

### F.    Defendants' Other Grounds for Dismissal

Defendants also move for summary judgment on the retaliation and conspiracy claims on the grounds of qualified immunity.  Defendants argue that the conduct alleged in the FAC demonstrates they were performing discretionary functions.  (Defs.' Mem. Supp. at 24.)  Given that the Court has converted the motion to dismiss to one for summary judgment, it would not be appropriate to decide the question of qualified immunity based on the allegations of the FAC.[8]  Likewise, it would not be appropriate to

---

[7] It appears that Crowder may still be able to present a timely FTCA claim to the BOP. He alleges in the Supplement that he first contracted Valley fever in September 2014, which is less than two years ago.  Thus, if timely presented, the claim would fall within the two-year statute of limitations prescribed in § 2401(b).

[8] The Court is compelled to comment on the hybrid nature of Defendants' self-styled "Motion to Dismiss and/or for Summary Judgment."  Such a hybrid motion does not comport with Rule 12(b)(6) or Rule 56(a).  *E.g.*, *Ferranti v. Dixon,* No. 14-cv-3331 (NLH), 2015 WL 5882797, at *5 (D.N.J. Oct. 6, 2015); *Rivera-Santiago v. Abbott Pharm. PR, Ltd.*, 608 F. Supp. 2d 216, 223 (D.P.R. 2008).  Defendants alternate between the standards of review, relying on the FAC's allegations for some arguments and on materials outside the pleadings for others.  This is unnecessarily confusing to a pro se litigant, burdensome to the Court, and procedurally improper.  *E.g.*, *Ferranti*, 2015 WL 5882797, at *5-6; *Rivera-Santiago*, 608 F. Supp. 2d at 223.  Here, the Court has opted to convert the hybrid motion into a motion for summary judgment, and the Rule 12(b)(6) standards no longer apply.

address Defendants' argument that Crowder has failed to state a claim for retaliation, conspiracy, or negligence under the Rule 12(b)(6) standard.

## VI.   Recommendation

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Maurice Crowder's Objection to 60 Days Extension and Default Judgment [Doc. No. 29] be:

    a. **DENIED** as to his request for an entry of default judgment; and

    b. **RESERVED FOR THE DISTRICT COURT** as to his objection to the December 18, 2015, Order; and

2. Defendants' Motion to Dismiss and/or for Summary Judgment [Doc. No. 43] be **GRANTED** in that:

    a. Plaintiff's *Bivens* claims be **DISMISSED WITH PREJUDICE**; and

    b. Plaintiff's negligence claim be **DISMISSED WITHOUT PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: July 29, 2016               *s/ Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge

20

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.